## C. H. FITCH & CO. v. THE MANHATTAN FIRE INSURANCE CO.

1. GARNISHMENT; *Practice.* In a trial, under § 44 of the justices' code, to try the truth of an answer of a garnishee, (Comp. Laws of 1879, p. 708,) no pleadings are required, other than the affidavit for garnishment, the answer of the garnishee, and the notice that the answer is unsatisfactory.

2. JUDGMENT, *Nature of; Statute Construed.* The judgment in such a case, if against the garnishee, is rendered in accordance with § 42 of the justices' code, and if in favor of the garnishee, it is rendered merely for costs, and a judgment under said §§ 44 and 42 is not a final determination as to the liability or non-liability of the garnishee to the alleged debtor, the defendant in the main action.

3. JURISDICTION, *Extent of.* A justice of the peace has jurisdiction, in such a case, without regard to the amount of the supposed liability of the garnishee to the alleged debtor.

4. PRACTICE; *Trial; Demurrer to Evidence.* Where the trial in such a case is before the justice, and the garnishee interposes a demurrer to the plaintiff's evidence, and the justice sustains the demurrer, and no other evidence is introduced, and judgment is then rendered against the plaintiff, and in favor of the garnishee, for costs, *held,* that as the trial was before the justice, and as he decided the case upon all the evidence introduced, it is immaterial whether a demurrer to evidence is permissible in a justice's court, or not.

### *Error from Atchison District Court.*

AT the June Term, 1878, of the district court, the *Manhattan Fire Insurance Co.*, as defendant, had judgment against *C. H. Fitch & Co.*, as plaintiffs, who bring the case here. The nature of the action, and the facts, sufficiently appear in the opinion.

*Everest & Waggener*, and *Mills & Wells*, for plaintiffs in error.

*Cochran & Heath*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On February 19, 1878, C. H. Fitch & Co. commenced an action in Atchison county, on a promissory note, before a justice of the peace, against George R. Hall, and in such action garnisheed the Manhattan Fire Insurance Company, of New York city. The affidavit for the notice of garnishment states "that the Manhattan Fire Insurance Company, of New York city, a corporation doing business within Atchison county, has property, money, goods, chattels, credits and effects in its hands and under its control, belonging to the defendant; and the said corporation aforesaid is indebted to principal defendant, and that defendant George R. Hall is justly indebted to the plaintiff in the sum of ninety-two and 98-100 dollars and interest over and above all legal set-off, and that affiant has a right to, and does believe, that plaintiffs will lose the same unless a garnishee summons issue to aforesaid corporation." The insurance company answered as garnishee, and in its answer states:

"That the said Manhattan Fire Insurance Company is not at this time and was not at the time of the pretended service herein, and has not since said time, been indebted to defendant, George R. Hall, in any sum whatever; and that said Manhattan Fire Insurance Company had not at the time of the pretended service had, and has not at this time in its possession nor under its control any property, money, goods, chattels, credits or effects belonging to said defendant, George R. Hall."

Fitch & Co. then gave notice that the answer of the garnishee was unsatisfactory, and demanded a trial of the truth of the same, but they did not state in what particulars the answer was unsatisfactory. On the day set for trial the insurance company moved to dismiss the proceeding, because no bill of particulars or other pleading had been filed; and also moved to require the plaintiffs to file some suggestion in writing, set-

ting forth definitely the matters claimed as creating some lia-
bility on the part of the insurance company to Hall, and
showing in what respect the answer of the company was not
true; but the court overruled both motions, and the parties
then proceeded to trial without any pleadings being filed.
The trial was had before the court (said justice of the peace),
without a jury. The plaintiffs introduced their evidence, and
rested. The insurance company then demurred to the evi-
dence, on the ground that it was insufficient to prove that the
company's answer as garnishee was untrue. The court sus-
tained the demurrer, and rendered judgment in favor of the
garnishee, and against the plaintiffs for costs. The plain-
tiffs then took the case to the district court on petition in
error, where the judgment of the justice of the peace was
affirmed, and then the plaintiffs brought the case to this court
on petition in error.

We cannot say that any material error was committed by
either the district court or the justice of the peace. The trial
was had under § 44 of the justices' code. (Comp. Laws of 1879,
p. 709.) In such a trial, no pleadings are required. The trial,
affidavit for garnishment, the answer of the garnishee, and the
notice that the answer is unsatisfactory, take the place of plead-
ings, and all matters are heard thereon. If, upon the hearing,
it is found that at or after the service of the notice of garnish-
ment upon the garnishee, he was possessed of any property of
the defendant, or was indebted to him, the justice may, in ac-
cordance with § 42 of the justices' code, order the delivery of
such property, and the payment of the amount owing by the
garnishee into court, or may permit the garnishee to retain
the property or the amount owing, upon the execution of an
undertaking to the plaintiff, by one or more sufficient sure-
ties, to the effect that the amount shall be paid or the prop-
erty forthcoming, as the court may direct. (Comp. Laws of
1879, p. 709, § 42.) And in such a trial, it does not make
any difference as to what the amount of the indebtedness or
the value of the property may be; for whatever it may be,
the justice has jurisdiction to hear and determine the mat-

ter, and to make the proper order therein.   And such hearing and determination and order, when made, do not amount to a final adjudication as to the existence of such indebtedness, or as to the ownership of the property. (*Board of Education v. Scoville*, 13 Kas. 18.)   If, however, upon the trial, under § 44 of the justices' code, it be found that the garnishee did not have any property of the defendant in his possession, and did not owe the defendant anything, then the order and judgment will be made and rendered in favor of the garnishee, and just such an order and judgment will be made and rendered as was made and rendered in this case; but such order and judgment will not be a final adjudication as to the rights of the parties.   Where the plaintiff desires that the determination of the court, as to the liability or non-liability of the garnishee, shall be final, he must commence his action in the proper court, under § 43 of the justices' code. (Comp. Laws of 1879, p. 709.)   In the present case, the amount of the supposed liability of the garnishee to the defendant was $1,000, an amount vastly beyond the jurisdiction of a justice to determine finally.   Sec. 44 did not originally belong to the justices' code, and indeed was no part of the statutes of Kansas.   It was first adopted in 1868, and was evidently adopted for the mere purpose of enabling the plaintiff to dispute the garnishee's answer in a summary manner, and without resorting to a formal action.   By this proceeding under § 44, he might get the order provided for by § 42, while without this proceeding under § 44, and merely upon the garnishee's answer, he could not get the order at all; and he could get the order immediately, and without waiting for the final judgment to be rendered in the case between himself and the alleged debtor, the defendant in the main action, as he would have to do if he commenced a regular and formal action against the garnishee, under said § 43.

It can make no difference in the present case, whether a demurrer to the evidence is permissible, or not, in a justice's court; for the justice in this case could not, either by sustaining the demurrer or by overruling it, take the decision of the

case away from himself. In the present case, the justice was the trier of the facts of the case, and he tried the case upon the facts, and held that the evidence did not show that the answer of the garnishee was not true. This was the finding of the justice upon all the evidence introduced in the case. If all the evidence introduced by the plaintiffs was true, (and there was no evidence introduced by the other side,) it would even then be hard to say that the answer of the garnishee was not true. But the justice probably (and we would think rightly) did not give full credit to all the plaintiffs' evidence. Some of it was at least suspicious. But it is not necessary to comment upon the evidence, or the facts of the case, for, as we have before said, the decision in this case is not final as to the garnishee's liability to Hall. And if the question of such liability shall ever again be brought into litigation, the evidence may be much stronger or much weaker as to such liability than it was in this case, or it may be very different.

The judgment of the court below will be affirmed.

All the Justices concurring.