## A. H. MILLER V. C. W. NOYES.

GARNISHMENT — *Error to District Court.* Error does not lie to the district court from a ruling of a justice of the peace refusing to vacate and discharge a process in garnishment.

*Error from Doniphan District Court.*

ACTION brought before a justice of the peace, by *Noyes* against *Miller*, to recover on a promissory note. A process in garnishment was issued and served upon School District No. 21, in Doniphan county, whereby the plaintiff .undertook to garnish the wages of the defendant, who was teaching in the public school of that district. The garnished district in its answer acknowledged itself indebted to the defendant in the sum of $80, his salary for one month. Trial February 26, 1883. The defendant, not contesting the right of plaintiff to recover upon the promissory note, resisted the garnishment of his wages as aforesaid, and moved the court to vacate the garnishment process. The justice adjudged that the plaintiff recover of the defendant the sum of $174.78, and interest thereon from February 24, 1883, at the rate of 12 per cent. per annum; but overruled the foregoing motion, and ordered the school district to pay into his court the $80 due as aforesaid. To reverse this order, *Miller* filed his petition in error in the district court. At the March Term, 1883, that court affirmed the judgment rendered and the order made by the court below. *Miller* brings the case here. Other facts are stated in the opinion.

*B. A. Seaver,* for plaintiff in error.

*A. S. Brewster,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : A. H. Miller instituted this proceeding in error to reverse a judgment of the district court affirming an order made by a justice of the peace. It appears that C. W. Noyes sued A. H. Miller before a justice of the peace of Doniphan county, to recover upon a promissory note, and at the

same time caused process in garnishment to be issued and served upon School District No. 21, Doniphan county, by which the plaintiff undertook to garnish the wages of A. H. Miller, who was teaching in the public school of that district. At the trial before the justice of the peace, the defendant did not contest the right of Noyes to recover upon the promissory note, but did resist the garnishment of his wages as school teacher; and moved the court to vacate and discharge the garnishment process, upon the grounds, first, that the funds garnished were the earnings of the defendant for personal services within three months next preceding the issuing of the garnishee summons, and that such earnings were necessary for the support of his family, which was wholly dependent upon his labor for maintenance; and second, that the wages of teachers in the public schools are not subject to execution, attachment or garnishment in the hands of the school-district officers having custody of the same.

After hearing testimony offered in behalf of both parties upon the ground first stated, the justice of the peace denied the motion. An exception to this ruling was taken and allowed, and the defendant prosecuted his petition in error in the district court, to review and reverse the order of the justice refusing to vacate the garnishment process. It was there held, as we understand the plaintiff in error, that error does not lie in such a case to the district court, and it was ordered that the judgment of the justice of the peace be affirmed and executed.

A. H. Miller, as plaintiff in error, brings the case here for review, and discusses at length the question, whether the wages of a school teacher are exempt from execution when he is the head of a family, and where his earnings are necessary for its support, and also whether a school district can be garnished for the wages of its teacher. The first question which we meet, (and its decision will dispose of the case here,) is, Does

Garnishment; error to district court.

error lie to the district court from an order of the justice of the peace refusing to vacate a garnishment process? We think not. By § 540 of the code, the authority of the district court to review proceedings

before justices of the peace by petition in error is limited, and extends only to judgments and final orders rendered and made by them. It reads as follows:

"A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

In this case the plaintiff in error did not complain of or attempt to bring up for review the final judgment in the action. He sought to have reviewed only the decision of the justice of the peace denying the motion to vacate and discharge the garnishment process. That ruling is neither a judgment nor a final order, and hence was not reviewable by a proceeding in error. (*Mull v. Jones*, 33 Kas. 112; *Board of Education v. Scoville*, 13 id. 32; *Phelps v. Railroad Co.*, 28 id. 165; *Hottenstein v. Conrad*, 5 id. 249; *K. R. M. Co. v. A. T. & S. F. Rld. Co.*, 31 id. 90.)

The district court was therefore without jurisdiction to entertain the proceeding in error, and should have dismissed it. However, instead of dismissing the proceeding, it appears from the record that the court affirmed the judgment of the justice of the peace, and ordered it to be executed, and to this extent there was error.

The judgment of the district court will be reversed, and the cause remanded with the direction that the proceeding in error be dismissed.

VALENTINE, J., concurring.

HORTON, C. J.: I dissent from the judgment taxing costs against the defendant in error. I think the trial court virtually decided the case upon the merits, as this court has, but technically erred in affirming the judgment of the justice of the peace, instead of dismissing the proceeding in error. And therefore I think the error was immaterial, and one not prejudicial to the rights of plaintiff in error.