THE MISSOURI PACIFIC RAILWAY COMPANY v. REID & HOLLADAY, *et al.*

1. PRACTICE; *Garnishment.* In a garnishment proceeding before a justice of the peace, under § 44 of the justices code, a final judgment against the garnishee cannot legally be rendered, under any circumstances, but only an order.

2. INJUNCTION, *for Garnishee, When.* But where such a judgment has been rendered, and an execution issued thereon and levied upon the property of the garnishee, an action will lie in favor of the garnishee, to perpetually enjoin the holder of such judgment from enforcing the same by execution.

*Error from Franklin District Court.*

ACTION brought by *The Railway Company* against *Reid & Holladay* and *James H. Rice*, constable of the city of Ottawa, to perpetually enjoin the defendants from collecting a certain judgment. The opinion states the material facts. Trial November 15, 1884, when the court dissolved the temporary injunction theretofore obtained by plaintiff, and gave judgment for defendants and against the company for costs. The plaintiff brings the case to this court.

*W. A. Johnson,* for plaintiff in error.

*W. Littlefield,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Franklin county, by the Missouri Pacific Railway Company against Lyman Reid and Duncan Holladay (partners as Reid & Holladay) and James H. Rice, constable of the city of Ottawa, in said county, to perpetually enjoin the defendants from enforcing by execution the collection of a certain supposed judgment, rendered against the plaintiff and in favor of Reid & Holladay, in an action in which Reid & Holladay were the plaintiffs and W. P. Randall & Co. were the defendants, and the Missouri Pacific Railway Company was a garnishee.

The principal facts of the case are in substance as follows: On November 8, 1883, Reid & Holladay commenced their action against W. P. Randall & Co., before a justice of the peace of said city, and filed an affidavit for garnishment process, in accordance with chapter 163 of the Laws of 1872, (Comp. Laws of 1879, ch. 81, ¶¶ 4327 to 4329,) and a garnishment summons was issued in the case to the Missouri Pacific Railway Company, which company, by its agent, appeared before the justice of the peace and answered under oath, as required by the summons. The plaintiffs, however, gave notice in accordance with § 44 of the justices code, that the answer of the garnishee was not satisfactory, and demanded a trial of the truth of such answer, which trial was afterward had, and the justice, on December 11, 1883, rendered a final judgment in such garnishment proceeding against the railway company, as garnishee, and in favor of Reid & Holladay, the plaintiffs, for the sum of $94.35, and costs. In the meantime, and on November 13, 1883, a judgment was rendered by the justice of the peace in the principal case, in favor of Reid & Holladay and against W. P. Randall & Co. for the sum of $282.60, and costs. The railway company appealed from the judgment rendered against it to the district court, but afterward dismissed its appeal. Afterward an execution was issued by the justice of the peace on such judgment, which execution was placed in the hands of James H. Rice, constable, and he, at the instance of Reid & Holladay, levied upon property of the railway company, and was about to sell it, when this present action was commenced; and this is the judgment and this the execution which the railway company, by this present action, seeks to have enjoined. When this present action was first instituted, the court below granted a temporary injunction in favor of the railway company and against the defendants, but afterward, and upon the final trial, dissolved the injunction, and rendered judgment in favor of the defendants and against the railway company for costs; and of this last-mentioned judgment the plaintiff now complains, and by this petition in error seeks to have it reversed.

The first question involved in this case is whether, in a garnishment proceeding before a justice of the peace, under § 44 of the justices code, a final judgment may be legally rendered under any circumstances against the garnishee. This question, we think, has already been answered by this court in the negative. (*Fitch v. Fire Insurance Co.*, 23 Kas. 366. See also *Board of Education v. Scoville*, 13 id. 18; *Muse v. Lehman*, 30 id. 514.) In the first case cited, on pp. 368, 369, the following language is used by this court:

"The trial was had under § 44 of the justices code. (Comp. Laws of 1879, p. 709.) In such a trial no pleadings are required. The affidavit for garnishment, the answer of the garnishee and the notice that the answer is unsatisfactory take the place of pleadings, and all matters are heard thereon. If, upon the hearing, it is found that at or after the service of the notice of garnishment upon the garnishee he was possessed of any property of the defendant, or was indebted to him, the justice may, in accordance with § 42 of the justices code, order the delivery of such property, and the payment of the amount owing by the garnishee, into court, or may permit the garnishee to retain the property or the amount owing upon the execution of an undertaking to the plaintiff by one or more sufficient sureties to the effect that the amount shall be paid or the property forthcoming as the court may direct. (Comp. Laws of 1879, p. 709, § 42.) And in such a trial it does not make any difference as to what the amount of the indebtedness or the value of the property may be; for whatever it may be, the justice has jurisdiction to hear and determine the matter, and to make the proper order therein. And such hearing, determination, and order, when made, do not amount to a final adjudication as to the existence of such indebtedness, or as to the ownership of the property. (*Board of Education v. Scoville*, 13 Kas. 18.) If, however, upon the trial, under § 44 of the justices code, it be found that the garnishee did not have any property of the defendant in his possession, and did not owe the defendant anything, then the order and judgment will be made and rendered in favor of the garnishee, and just such an order and judgment will be made and rendered as was made and rendered in this case; but such order and judgment will not be a final adjudication as to the rights of the parties. Where the plaintiff desires that the determination of the court as to the liability or non-liability of the

garnishee shall be final, he must commence an action in the proper court under § 43 of the justices code. (Comp. Laws of 1879, p. 709.)"

In the report of this case in 23 Kas. 368, the word "trial" and a comma are inserted between the word "the" and the word "affidavit," in the third sentence of that portion of the opinion above quoted, so as to make it read as follows: "The trial, affidavit for garnishment," etc. Why this insertion, or interpolation, was made in the printed report, we do not know. The word "trial" and the comma are not to be found, and were never placed, in any such situation in the original opinion.

In our opinion no judgment can properly be rendered under § 44 of the justices code, but only an order as provided for by § 42 of such code; and this order cannot be enforced by an execution; and therefore the judgment of the

1. Garnishment before a justice of the peace.

justice of the peace, as rendered in the present case against the railway company, was rendered without jurisdiction, or rather in excess of jurisdiction, and is therefore utterly void as a judgment, and cannot legally be enforced as such. (*Amsbaugh v. Exchange Bank*, 33 Kas. 100, 105, and cases there cited; *In re Dill*, 32 id. 668, 691, 692.) And where a judgment is utterly void its enforcement may be restrained by perpetual injunction. (*Chambers v. Bridge*

2. Injunction for garnishee, when.

*Mfg. Co.*, 16 Kas. 270; *McNeill v. Edie*, 24 id. 108; *Mastin v. Gray*, 19 id. 461; *Earle v. McVeigh*, 91 U. S. 503, 505, *et seq.*) This is particularly true where an execution, valid upon its face, has already been issued upon the judgment, and the officer has seized property belonging to the defendant in the execution, and is about to sell it, as in the present case.

The judgment rendered in the present case by the justice of the peace against the garnishee, although void as a judgment, may be valid as an order under §§ 42 and 44 of the justices code. It cannot, as we think, be valid as a final judgment under §§ 43 and 45 of such code as to be enforced by execution. Under § 42 of the justices code, the order of the justice is made on the answer of the garnishee alone. Under

§ 44 of such code, it is made upon a trial of the truth of the answer by the garnishee, and is made in a case where the answer of the garnishee would not alone justify such order. But the order, we think, whether made upon the answer of the garnishee alone or upon a trial of the truth of such answer, is substantially the same order, having the same force and effect, and such order may be made at any time after the answer of the garnishee in the one case or the trial of the truth of the answer in the other, and whether any trial has been had or not, or judgment rendered or not in the principal case, except that no such order can be made if a judgment has already been rendered in the principal case against the plaintiff. Of course the judgment provided for by §§ 43 and 45 of the justices code is a final judgment, and may be enforced by execution the same as other judgments; but such is not the judgment in the present case.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered in favor of the railway company, as prayed for in its petition in the court below.

All the Justices concurring.