C. H. CARLYLE v. JOHN H. SMITH.

GARNISHMENT; *Final Order Before a Justice of the Peace.* Where a motion is made before a justice of the peace to vacate and discharge proceedings in garnishment after final judgment, and said motion is overruled, said ruling by the justice is a final order, and may be taken to the district court on error.

*Error from Wyandotte District Court.*

THE opinion states the case.

*Bacon & Harnsberger*, and *Wm. S. Carroll*, for plaintiff in error.

*Hale & Miller*, for defendant in error.

Opinion by CLOGSTON, C.: C. H. Carlyle commenced this action before a justice of the peace in Wyandotte county, to recover $43.50 for professional services rendered as a physician, and caused a garnishee summons to issue to the Atchison, Topeka & Santa Fé Railroad Company, which was indebted to the defendant. It answered, acknowledging such indebtedness, and paid into court $34.50. February 15, 1884, trial and judgment for the plaintiff for $23.50 and costs. Afterward defendant Smith gave plaintiff notice, and filed his motion to discharge the garnishee and release the money paid into court, for the reason that the money due him was for his personal earnings as a laborer, earned within three months next preceding the issuing of the garnishee process, and that the same was necessary for the support of his family. February 27th the motion was heard on the evidence of both parties, and the justice overruled it; to which ruling the defendant excepted, and filed his bill of exceptions, which was duly allowed by the court. Afterward he filed his petition in error in the district court to reverse the order of the justice of the peace. At the September, 1884, term, said petition in error was duly heard, and the order of the justice reversed, the garnishee discharged, and the money so paid into court ordered paid to the defendant Smith. The plaintiff excepted to the order and judgment, and brings the proceedings here for review.

But one question is presented: Did the district court have authority to review the order of the justice overruling defendant's motion? Plaintiff contends that the order made by the justice was not a final order, and therefore cannot be reviewed; and in support of these views cites *Miller v. Noyes*, 34 Kas. 13; but after a careful review of that case we think the plaintiff is mistaken. In that case the application was made to dis-

charge the garnishment proceedings before the final judgment, and for this reason the court doubtless held that the order was not final. Many things might happen after that before final judgment. The garnishee might refuse to obey the order, as he well might do, and wait until after judgment, and until he was sued on his answer; or, at the final hearing, no judgment might be rendered against the defendant, and thereby all proceedings would have ended; but in this case the motion was made after final judgment, and after the money had been actually paid into court. Nothing more was left for defendant to do. He must either submit and have his earnings applied to the discharge of this judgment, or move to set aside the order and release the money paid by the garnishee. The legislature had provided that his personal earnings, when necessary for the support of his family, should be reserved to him and them, free from any claim. Here they were being appropriated, and as a last resort he applied to the court for relief. To deny him this relief is to destroy and set aside the exemption provisions for that class of persons who require its provisions the most. The public policy of our laws and the decisions of our courts have favored a liberal construction, not only of the exemption laws, but of the provisions for carrying them into effect. But we think the statutes have in direct terms defined what a final order is. Section 543 of ch. 80, Comp. Laws of 1885, is as follows:

"SEC. 543. An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this article."

"Upon a summary application in an action after judgment," surely covers this class of orders, although made upon motion. Justice BREWER said, in *Comm'rs of Wilson Co. v. McIntosh:*

"The only reason given is, as heretofore stated, that one litigation was carried on by motion and the other by action. But why should not a decision upon a motion be as conclusive

as that upon a trial? The reasons given are, that motions are often made in the hurry of a trial, and decided with comparatively little examination and consideration; that the decision cannot be taken up for review; and that they are tried upon affidavits, rather than oral testimony. None of these reasons exist in the case at bar. The motion was not made until after judgment. It could not have been regarded as in any sense interlocutory, or one whose subject-matter could thereafter be more carefully examined, but must have been considered as a final determination as to the rights of the sheriff. It could have been taken up for review to this court." (30 Kas. 234; and see cases therein cited.)

A motion in this case was made after judgment to re-tax costs—notice and hearing as in the case at bar—and this court held that a decision on such a motion was a final order, subject to be reviewed. We are clearly of the opinion that the order complained of was a final order, subject to be reviewed by the district court. It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.