SOLOMON R. WASHER V. JOHN CAMPBELL *et al.*

BONDS — *Construction* — *Consideration.* A bond releasing garnishment proceedings in a justice's court, and binding the obligors " to pay any judgment which may be rendered against him [defendant] on final hearing of this case," binds them to pay a final judgment rendered against defendant in the district court on appeal by plaintiff; and the fact that after judgment for defendant in the justice's court the garnishment proceedings could, but for the bond, be revived by appeal or error, constitutes sufficient consideration for the continuing obligation of the bond after such judgment for defendant.

*Motion for Rehearing.*

THE material facts are stated in *Washer v. Campbell*, ante, pp. 398, *et seq.*, and in the opinion herein, filed at the session of the court in April, 1889.

*Elliston & Heath*, for plaintiff in error.

*Hudson & Tufts*, for defendants in error.

*Per Curiam:* This case was decided by this court in December, 1888. (*Ante*, p. 398, 19 Pac. Rep. 858.) In the Pacific Reporter the figures "52," in the first line at the top of page 860, should be changed to "42;" and the words "judgment had," in the sixteenth line from the top of page 861, should be changed to "hearing had." A motion for a rehearing is now presented. It is still insisted by counsel for the plaintiff in error that the judgment mentioned in the bond, which was to be rendered "on final hearing of this case," was a judgment to be rendered by the justice of the peace only, and not a judgment to be rendered "on final hearing of this case," in whatever court the case might be when the "final hearing" of the case should be had. We have probably already said all that is necessary to be said in the case, but as counsel for plaintiff in error strenuously urge some points not covered by the opinion heretofore delivered, we shall add a few words.

Counsel for plaintiff in error now strenuously urge, that if no bond had been given in this case, then that the attachment and garnishment proceedings pending in the case at the time the judgment of the justice of the peace was rendered would have necessarily and finally and forever been discharged, vacated, annulled and ended by such judgment; and therefore he claims that there was no sufficient consideration to uphold the bond, if it should be construed as continuing in force so as to operate as a security for any judgment except the one rendered or to be rendered by the justice of the peace. There is no statute, however, and no decision, that sustains this claim of the plaintiff in error, and we think it is wholly untenable.

It is true, that in all cases where a judgment is rendered in favor of the defendant, either in a justice's court or in the district court, all attachment and garnishment proceedings then pending in the case will, by reason of the judgment, be discharged. (Justices Code, §§ 45, 46; Civil Code, §§ 220, 221.) In this respect, the rule of law in the two courts is precisely the same. But this discharge of the attachment and garnishment proceedings is only provisional, or conditional, depending for its finality wholly and entirely upon whether the judgment itself shall be permitted to stand as a finality or shall subsequently be set aside or vacated, as upon an order in the same court granting a new trial, or by a judgment of reversal rendered in some higher court upon a petition in error, or by some other proceeding. The aforesaid sections of the justices act, and of the civil code, apply so as to discharge the attachment and garnishment proceedings pending in the case only where the judgment of the court is rendered wholly in favor of the defendant, and wholly against the plaintiff, and do not apply where the judgment is rendered in favor of the plaintiff, even if rendered only for the smallest fraction of his claim; and yet, in either of these cases, it would be the plaintiff and not the defendant who would wish to preserve the attachment and garnishment proceedings, and who would want to take his case for review to some higher court. But after attachment and garnishment proceedings have been discharged, under the provisions of §§ 45 and 46 of the justices act, or §§ 220 and 221 of the civil code, and by virtue of a judgment for the defendant, would not the granting of a new trial, upon a motion therefor, in the justice's court when the judgment is rendered in that court, or in the district court when the judgment is rendered in the district court, revive all such proceedings? or would not the granting of a new trial by a higher court — for instance, by the district court when the judgment was rendered by a justice of the peace, or by the supreme court when the judgment was rendered by the district court — upon proceedings in error from the lower court to the higher court, and the remanding of the case back to the

lower court for the new trial, revive all such proceedings? or even where a case is taken from a justice's court on petition in error to the district court, and the district court reverses the judgment of the justice of the peace, and then retains the case for the new trial in the district court, would not such action on the part of the district court revive all the proceedings in attachment and garnishment? And surely new trials may be granted by a justice of the peace as well as by the district court, and cases may be taken on petition in error from a justice of the peace to the district court, as well as from the district court to the supreme court. See the following statutes:

"SEC. 110. The justice before whom a cause has been tried, on motion of the party aggrieved, at any time within five days after the decision or verdict, shall vacate the decision or verdict and grant a new trial, for the same reasons and upon the same terms and conditions as provided in the code of civil procedure in like causes; and he shall set a time for a new trial, of which the opposite party shall have at least three days' notice." (Justices Act, § 110, as amended in 1885.)

See also Justices Act, § 114; Civil Code, §§ 306, 568, relating to new trials. Also the following:

"SEC. 540. A judgment rendered or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court." (Civil Code, § 540.)

"SEC. 13. Bills of exception may be made, signed and sealed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice." (Comp. Laws of 1885, p. 713, ¶ 4668.)

And when a case is taken on petition in error from a justice of the peace to the district court, of course everything which is existing or pending in the case at the time when the judgment or order complained of was rendered or made which affects such judgment or order, or which is involved in or is affected by the same, may be taken by the petition in error along with the rest of the case to the higher court. Whenever a final judgment or final order is rendered or made in a

justice's court, even if rendered or made only in a garnishment proceeding, the case may be taken on petition in error to the district court. (*Carlyle v. Smith*, 36 Kas. 614.) And generally, as to taking cases which include attachment or garnishment proceedings on petition in error from a justice of the peace to the district court, see the following, among other cases: *Fitch v. Fire Ins. Co.*, 23 Kas. 366; *Warner v. Bucher*, 24 id. 478; *Seymour v. Cooper*, 26 id. 539; *Williams v. Muthersbaugh*, 29 id. 730; *Clark & Co. v. Wiss & Ballard*, 34 id. 553. Now if the defendants in error in this case had a right, or would have had a right if said bond had not been given, in any manner to keep alive or preserve their garnishment proceedings so as to make them effective in satisfying the judgment which might finally be rendered in their favor "on final hearing of this case" in the court in which the case might eventually be on such "final hearing," as they undoubtedly had such right, and if they gave up this right, as they undoubtedly did, for no other reason than merely the giving of the bond sued on in this case, then there was certainly a sufficient consideration for the giving of the bond, in whatever way it may be construed. When the plaintiffs below — defendants in error — accepted said bond, and as a consideration therefor relinquished their garnishment proceedings, they relinquished the same forever, and without reserving to themselves any right or power in any form or in any manner to ever revive or resuscitate the same, or to bring them into being again. This right which they relinquished was a valuable right. But it is unnecessary to pursue this subject further.

The motion for the rehearing will be overruled.