### VIGELIUS v. MARCUS *et al.*

No. 4553.    Opinion Filed June 29, 1915.

(150 Pac. 486.)

**JUSTICES OF THE PEACE—Appeal—Garnishment—Liability of Garnishee.** On the institution of an action in a justice's court, a garnishment was obtained, and the garnishee admitted funds in his hands sufficient to pay the debt. On the trial before the justice, judgment was rendered for a sum very much less than the plaintiff claimed, and the defendant at once paid the judgment, and the justice rendered the garnishee, over the protest of the plaintiff, who gave notice of appeal, and also notified the gar-

nishee not to pay the funds in his hands to the defendant; but, regardless of such notice, the garnishee did so. On appeal, the plaintiff recovered a much larger judgment. **Held,** that the plaintiff was entitled to an order in the county court, directing the garnishee to pay over the money which was in his hands when the garnishment was served, and which, by his answer, he admits was sufficient to pay the debt.

(Syllabus by Devereux, C.)

*Error from County Court, Seminole County;*
*T. S. Cobb, Judge.*

Action brought in justice's court by William Vigelius, doing business as Havemeyer & Vigelius, against Joseph Marcus and the Farmers' National Bank of Wewoka, Okla., a corporation, garnishee. Judgment for plaintiff, and releasing the garnishee, on appeal to the county court, and plaintiff brings error. Reversed and remanded, with directions.

This action was begun before a justice of the peace of Seminole county against the defendant, Marcus, and at the time it was begun the plaintiff filed his affidavit in garnishment, and a garnishee summons was regularly issued against the defendant in error, the Farmers' National Bank, which was duly served on both the defendant, Marcus, and the bank. The garnishee appeared, and admitted that it had in its possession goods, chattels, or money sufficient to satisfy the debt. When the case came on for trial before the justice, a judgment was rendered in favor of the plaintiff for $11.86, although the amount sued for was $142.56. The plaintiff objected to this, and at once notified all parties, including the garnishee, that the case would be appealed. Notwithstanding this notice, and over the objection of the plaintiff, the justice issued a discharge of the garnishment, and the bank gave up possession of the property, although, before doing so, it was

expressly notified by the attorney of the plaintiff that an appeal would be taken, and warned not to part with the property it held as garnishee. It also appears that the justice made no entry on his docket of this transaction, and that his order releasing the garnishment was not preserved by the bank, but was burned. The justice testified:

"Q. Didn't I state I would appeal the case? A. I don't know. They hardly ever do. It was not necessary. It seems like after— I don't recollect, except as to the judgment.

"By the Court: How long after the judgment was rendered until it was paid and the garnishment released? A. It was all done right there. Q. Right when the judgment was rendered? A. Yes."

The plaintiff in error appealed the case to the county court within the time allowed by law, giving the bond in the form provided for appeals from justices, which bond was payable to the defendant; the garnishee not being named in it. In the county court a judgment was rendered for the plaintiff in the sum of $166.08, but the court refused to require the garnishee to pay any amount, holding that the garnishee was released by the action of the justice. To this action of the county court in releasing the garnishee, the plaintiff excepted, and brings the case to this court by petition in error and case-made.

*C. Dale Wolfe,* for plaintiff in error.

*A. S. Norvell* and *Fowler & Biggers,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The question presented in this case is: Where a garnishment is issued, and the garnishee acknowledges property sufficient to pay the debt, and on the trial before

the justice a judgment is rendered for a small sum for the plaintiff, and he gives notice of appeal, and notifies the garnishee that he will appeal, and files appeal bond in the form required by Rev. Laws 1910, section 5466, whether the justice can discharge the garnishment and allow the garnishee to pay the money to the defendant, and be thereby discharged, although on appeal the county court renders judgment for a much larger sum than was rendered in the justice court.

Rev. Laws 1910, section 5397, provides:

"The plaintiff in an action brought under this article may appeal to the district or county court of the county wherein said action is brought, from an order of a justice of the peace, dissolving an attachment, or releasing a garnishee, by filing an appeal bond as in other cases. When the plaintiff shall notify the defendant that he intends to appeal from the order of the justice of the peace dissolving an attachment, the property attached shall not be released until the expiration of ten days, after such order, and upon the giving of such appeal bond, such attached property shall be held to abide the order and judgment of the appellate court where the motion to dissolve the attachment shall be tried *de novo.*"

This section was not taken from the Kansas Code, but was passed by the Legislature of the territory of Oklahoma in 1901 (Sess. Laws 1901, p. 165). But it may be said that this section only applies to cases where the attachment is dissolved or the garnishment released prior to the trial of the main issue. It is not necessary to decide this question, for under the law, as it was prior to the passage of this act, and as we adopted it from Kansas, the judgment must be reversed. In *Washer v. Campbell,* 40 Kan. 747, 21 Pac. 671, the identical question presented in this appeal was passed on by the Supreme Court of Kansas in 1889. In that case it is said:

"It is true that in all cases where a judgment is rendered in favor of the defendant, either in a justice's court or in the district court, all attachment and garnishment proceedings then pending in the case will, by reason of the judgment, be discharged. Justice's Code, sections 45, 46, Civil Code, sections 220, 221. In this respect the rule of law in the two courts is precisely the same. But this discharge of the attachment and garnishment proceedings is only provisional, or conditional, depending for its finality wholly and entirely upon whether the judgment itself shall be permitted to stand as a finality or shall subsequently be set aside or vacated, as upon an order in the same court granting a new trial, or by a judgment of reversal rendered in some higher court upon a petition in error, or by some other proceeding. The aforesaid sections of the Justice's Act, and of the Civil Code, apply so as to discharge the attachment and garnishment proceedings pending in the case only where the judgment of the court is rendered wholly in favor of the defendant, and wholly against the plaintiff, and do not apply where the judgment is rendered in favor of the plaintiff, even if rendered only for the smallest fraction of his claim; and yet, in either of these cases, it would be the plaintiff and not the defendant who would wish to preserve the attachment and garnishment proceedings, and who would want to take his case for review to some higher court. But after attachment and garnishment proceedings have been discharged, under the provisions of sections 45 and 46 of the Justice's Act, or sections 220 and 221 of the Civil Code, and by virtue of a judgment for the defendant, would not the granting of a new trial, upon a motion therefor, in the justice's court when the judgment is rendered in that court, or in the district court * * * revive all such proceedings? Or would not the granting of a new trial by a higher court—for instance, by the district court, when the judgment was rendered by a justice of the peace, or by the Supreme Court, when the judgment was rendered by the district

court—upon proceedings in error from the lower court to the higher court, and the remanding of the case back to the lower court for the new trial, revive all such proceedings? Or even where a case is taken from a justice's court on petition in error to the district court, and the district court reverses the judgment of the justice of the peace, and then retains the case for the new trial in the district court, would not such action on the part of the district court revive all the proceedings in the attachment and garnishment? And surely new trials may be granted by a justice of the peace, as well as by the district court, and cases taken on petition in error from a justice of the peace to the district court, as well as from the district court to the Supreme Court."

The case of *Becker v. Steele,* 41 Kan. 173, 21 Pac. 169, and *Miller v. Dixon,* 2 Kan. App. 445, 42 Pac. 1014, are distinguishable, because in each of these cases there was a judgment on the merits in favor of the defendant, and the court held that under the provisions of the Kansas statute, which is identical with section 5384, Rev. Laws 1910, providing that, if the judgment be rendered in the action for the defendant, the attachment shall be discharged, and the property attached, or its proceeds shall be returned to the defendant, the judgment on the merits in favor of the defendant by virtue of this statute, of its own force, dissolves the attachment or garnishment; but the distinction is clearly drawn in the case of *Washer v. Campbell,* 40 Kan. 747, 21 Pac. 671, that where there is a judgment, even in the smallest amount, in favor of the plaintiff, the garnishment is not discharged, because it does not come within the words of the statute.

As above said, it is not necessary in this case to construe the act of 1901, for under the above cases there was error in the judgment of the county court, irre-

spective of the act of 1901. The garnishee cannot complain of any hardships in consequence of this decision. He had funds of the principal debtor in his hands, sufficient to protect him, and if he saw fit to ignore the notice given him by the plaintiff, and place his own construction on the law, he has only himself to blame, if such construction was wrong.

We, therefore, recommend that the judgment of the lower court be reversed, and the cause remanded, with instructions to enter a judgment requiring the garnishee to pay the amount of the judgment into court for the use of the plaintiff.

By the Court: It is so ordered.