PATRICK NASH, Plaintiff in Error, *vs.* SIDNEY S. GALE, Defendant in Error.

Proceedings against garnishees under Chapter 91 of Revised Statutes, page 405, merely renders the garnishee liable to the Plaintiff for "the amount of the property, money or effects in his hands or possession, or under his control, or due from him to the Defendant, in such suit," *at the time of the service of the summons upon him,* and such liability cannot be made to extend to property that may come into his hands, or indebtedness that may accrue subsequent to such service, unless new process is issued and served to secure it.

This was a proceeding in the District Court of Ramsey County, against the Plaintiff in Error, as garnishee of one John O'-Sullivan, under Chap. 91, page 405 of the Revised Statutes of Minnesota.

Upon the disclosure before the Referee, the garnishee testified as follows:

At the time the garnishee summons in this action was served upon me, Mr. O'Sullivan, the principal Defendant, had been working for me about a week under contract.

The condition of the contract was, to pay him semi-monthly. I have paid him about a thousand dollars on that contract since the garnishee summons on me, cannot say how much I am indebted to him. The contract was, that I was to keep back twenty-five per cent. of the amount due on the semi-monthly payments. The week's work ought to be worth about two hundred dollars. I had paid him fifty dollars before the service of the garnishee summons on me, and had become responsible to the men under him for their wages. It was a verbal agreement.

(The hearing was then continued until October 9th, 1857, when the garnishee further disclosed as follows:)

I think I am indebted to John O'Sullivan. He has performed work for me under contract to the amount of about two thousand dollars. I have paid him on that sum, $1545. As near as I can judge I am indebted to him now in the sum of one hundred and fifty dollars.

The contract was to do the work at one dollar per perch. I got an estimate of the whole work, and O'Sullivan has done about two thousand perch. He was to be paid twice a month,

but was to be paid only seventy-five per cent. on the work completed. I have paid out every week because the men would not work without it, think I have paid out between fourteen and fifteen hundred dollars since the garnishee summons was served on me. When the men heard there was a garnishee summons out, they would not work unless I paid them.

Upon the Referee's report of the foregoing, judgment was ordered against the garnishee, for the amount of the original judgment against the Defendant O'Sullivan, amounting to $331,25.

The garnishee reviews the judgment so rendered, by Writ of Error.

Jas. Smith, Jr., Counsel for Plaintiff in Error.

Sanford & Beveridge, Counsel for Defendant in Error.

*By the Court.*—Flandrau, J. The proceedings against garnishees under Chapter 91 of the Revised Statutes, page 405, merely render the garnishee liable to the Plaintiff for the amount of the property, money or effects in his hands or possession, or under his control, or due from the Defendant *in such suit, at the time of |the service of the summons upon him,* Sec. 3. And such liability cannot be made to extend- to property that may come into his hands, or indebtedness that may accrue subsequent to such service, unless new process is issued and served to secure it.

On a careful examination of the whole statute, this conclusion seems to be inevitable. The Plaintiff who desires to proceed against a party as garnishee, is required to make affidavit that he has good reason to believe that such party has property, money or effects, in his hands or under his control belonging to the Defendant, or that such person is indebted to the Defendant, whereupon a summons issues. Sec. 1.

This affidavit refers to the present indebtedness of the garnishee to the Defendant, and to property, money or effects which he may then have in his hands or under his control, and not to future matters that may accrue. The summons issues in pursuance of the affidavit, and commands the garnishee to appear and answer touching the matters therein stated, and nothing

else.· Sec. 1 and 2. The examination proceeds solely upon "the matter alleged in the affidavit." Sec. 7, as amended on page 17 of amendments.

When a judgment is rendered against the garnishee, all that is required of him to save costs, is to "deliver on demand to the officer having the execution, all the property, money and effects in his possesson or under his control belonging to the Deferldant, and pay all moneys due from him to the Defendant, *at the time the suit was commenced against him,*" or enough to satisfy the execution, &c. Sec. 12. The property which the garnishee had belonging to the Defendant, and the debts he owed him at the commencement of the suit against the garnishee, are suspended to the extent that the principal Defendant cannot prosecute the garnishee for them during the pending of the proceeding. Sec. 18.

It is true that this section only speaks of such money, property, debts, &c., as are sworn, ¦proved or admitted to be due from such garnishee to the Defendant, "or are in the hands of such garnishee *as aforesaid,*" but this has direct reference to Sections 1, 3, 7 and 12, which are confined to matters owing by him, and in his hands at the time of the commencement of the suit, and consequently refers to such matters only, which interpretation of Section 18 is confirmed by Sections 19 and 20. Section 19 declares that Section 18 "shall not be so construed as to prevent such Defendant from prosecuting for, and receiving of such garnishee, *any other or future sum of money,* due from such garnishee, or the possession or the value of *any other property* or effects in the hands of such garnishee belonging to such Defendant," which evidently refers to such matters as may accrue or come into the hands of the garnishee *after* the service of the summons upon him, in distinction from such as were in his hands or due from him at that time, showing that the process does not effect such subsequent debts or property.

Section 20 makes bills of exchange and promissory notes *not due,* effects under the Chapter, and Section 21 provides that when it appears in the examination of the garnishee that he is indebted to the Defendant, but the debt is not due until a future day, that the proceedings are to be postponed until that

day, at which time they may be applied under Section 22, "with the like effect as if the said sum or sums of money had been due or payable at the *time of the service of the summons.*"

The whole act confines the operation of the proceeding, to such matters of property and indebtedness as the garnishee had or owned at the time of the service of the summons upon him.

The conclusion seems so clear from the analysis of the Statutes above given, that any reasoning in support of it would be uncalled for. In the case at bar, the greatest amount that the evidence of the garnishee shows himself to have been indebt-to the Defendant at the time of the service of the summons on him, was one hundred and fifty dollars, and it appears that the contract between him and the Defendant was executory, and created no indebtedness between them until the future performance of the labor under it; this cannot be seized under Section 21, as "money owing and payable from the garnishee to the Defendant at some future time."

The Court erred in rendering judgment for a greater amount than the indebtedness of the garnishee to the Defendant at the commencement of the proceeding.

The judgment is reversed and a new trial ordered.

The Chief Justice having been counsel in the cause, took no part in the decision.