J. S. MUZZY AND J. R. TUTTLE, *Partners, &c.,* V. B. LANTRY AND J. D. BURR, *Partners, &c.*

1. GARNISHMENT; *Personal Earnings; Exemption.* Under the justices code, the personal earnings of a debtor for three months next preceding the issuing of garnishment process, and necessary for the support of his family, are exempt from such process, (*Seymour v. Cooper,* 26 Kas. 539;) and debts created after the service of garnishee process are not subject to such process. (*Phelps v. A. T. & S. F. Rld. Co.,* 28 Kas. 165.)

2. DEBT, *Exempt from Garnishment.* In an action before a justice of the peace, where a debtor owing the defendant for personal services is served with garnishee process, and the defendant files an affidavit in the case, setting forth that the debt due from the garnishee to himself is for his personal services for the three months next preceding the issuing of the garnishee process, and that the amount due is necessary for the maintenance of his family, which is supported wholly or partly by his labor; and no counter-affidavit is filed by the plaintiff, and the garnishee never appears in the case to answer to the garnishee process, and no action is taken with reference to the garnishment proceedings by the justice of the peace; and afterward the plaintiff sues the garnishee for the amount of the debt due from the garnishee to the defendant in the original action: *Held,* That such debt is exempt from the garnishment process, and that the affidavit filed by the defendant in the original action is *prima facie* evidence of the fact that the debt due from the garnishee to the original defendant is necessary for the maintenance of the family of such defendant, supported wholly or partly by his labor.

*Error from Shawnee District Court.*

THE facts fully appear in the opinion. July 20, 1882, defendants *Lantry & Burr* had judgment in the district court against plaintiffs *Muzzy & Tuttle,* who bring the case here.

*Hazen & Isenhart,* for plaintiffs in error.

*J. G. Waters,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by J. S. Muzzy and J. R. Tuttle, partners doing business under the firm-name of Muzzy & Tuttle, against B. Lantry and J. D. Burr, part-

ners doing business under the firm-name of Lantry & Burr, to recover the sum of $60, alleged to be due from Lantry & Burr to Hannibal Brown and subject to a proceeding in garnishment in an action brought by Muzzy & Tuttle against Brown, and on account of the failure of Lantry & Burr to appear and answer as garnishees in said case of Muzzy & Tuttle against Brown. The case was tried by the court without a jury, upon the following agreed statement of facts, to wit:

"Defendants are partners doing business under the firm-name of Lantry & Burr, and have been for the last year past; on the 15th day of November, 1881, the plaintiffs herein commenced suit before William R. Hazen, justice of the peace within and for the city of Topeka, Shawnee county, Kansas, against one Hannibal Brown, for the sum of $40.04; thereupon summons was duly issued and properly served upon said Brown, and made returnable Nov. 26, 1881, at 9 o'clock A. M.; at the time of the commencement of said suit against Brown before said Hazen, the plaintiffs therein, by J. S. Muzzy, filed an affidavit in the suit in due form for garnishment proceedings against Lantry & Burr, defendants herein; thereupon garnishment summons was duly issued and properly served upon defendants herein on the 16th day of November, 1881, commanding them to answer as required by law, on the 26th day of November, 1881, at 9 o'clock A. M.; on the 26th day of November, 1881, Brown appeared before Hazen and filed an affidavit for continuance of said cause, and thereupon the same was continued to the 26th day of December, 1881, at 9 o'clock A. M.; afterward, on the 26th day of December, 1881, Brown appeared before Hazen by his agent Anna Brown, his wife, and filed an affidavit in due form for the release of the money in the hands of the garnishee, stating therein the requirements of the statutes; said affidavit was not passed upon by Hazen, but continued until the garnishee should answer. There were no counter-affidavits filed by plaintiffs; at the time of the service of the garnishment, Hannibal Brown was in the employ of the defendants herein, laboring for them, and receiving for his labor $2.25 per day, and it was customary for them to pay him at the end of each month; he was the head of a family, consisting of himself, wife and two children, and a resident of Shawnee county, Kansas; at the time of the service of the garnishment and the

filing of the affidavit aforesaid, the money then in the hands of these defendants was for the personal earnings of said Brown for the three months preceding the issuing of the garnishment proceedings against them; on the 26th day of December, 1881, Muzzy & Tuttle appeared in the suit of Muzzy & Tuttle *v.* Hannibal Brown before said Hazen, justice of the peace, and recovered judgment against Brown in the sum of $40.04, together with the costs of suit taxed at $7.25; said judgment is now in full force, unappealed from, unreversed, and unpaid; at the time of the service of garnishment on these defendants, they were indebted to Hannibal Brown in the sum of $46; Brown earned, between the day of garnishment and the return day thereof, $20; said amounts were due as fast as earned; since the 26th day of November, 1881, Brown has remained in the employ of the defendants, who have become indebted to him in the sum of $60; defendants have failed and refused to answer the garnishment summons so issued in the case of Muzzy & Tuttle *v.* Hannibal Brown; they have never been discharged as garnishees in said suit, and 'never asked to be, but have paid the money to Brown."

Upon this agreed statement of facts, the court below found in favor of the defendants and against the plaintiffs, who bring the case to this court for review.

We think the decision of the court below is correct. Under § 157 of the justices code, (Comp. Laws of 1879, p. 726,) the personal earnings of a debtor for three months next preceding the issuing of garnishee process, and necessary for the support of his family, are exempt from such process, (*Seymour v. Cooper*, 26 Kas. 539,) and debts created after the service of garnishee process are not subject to such process. (*Phelps v. A. T. & S. F. Rld. Co.*, 28' Kas. 165.) In the present case, all the facts necessary to render the debt or debts due from Lantry & Burr to Brown exempt from the garnishee process were expressly admitted by the parties as facts, except the one fact that the debt was necessary for the maintenance and support of Brown's family; and this fact was indirectly admitted by the parties as a fact. It was admitted that Brown, through his agent, filed an affidavit in the action in the justice's court in which Muzzy & Tuttle were the plaintiffs and he was the defendant, for the

release of the garnishment lien against the debt, which affidavit was in due form, and stated all the requirements of the statutes in such cases. And it seems to be admitted in the plaintiffs' brief that the affidavit contained all the facts which are necessary in such cases, and that this fact especially was set forth in the affidavit. But it is claimed by the plaintiffs that an affidavit filed in the original suit is not sufficient evidence in the subsequent action, of the facts therein contained. Now we think the facts as stated in the affidavit were not only *prima facie* sufficient as facts, and to be considered as such in the original action, but they are also *prima facie* sufficient in this action. The statute itself provides that the personal earnings of the debtor for the three months next preceding the issuing of the process "cannot be applied to the payment of his debts when it is made to appear by the debtor's *affidavit* or otherwise that such earnings are necessary for the maintenance of a family supported wholly or partly by his labor."

This statute, we think, renders the affidavit for all the purposes of the garnishment proceedings and proceedings founded thereon, sufficient evidence, *prima facie,* of all the facts properly set forth therein. And if the plaintiffs have any desire to question or controvert any of such facts, they must do so by the aid of other competent evidence. Now nothing has anywhere been shown that casts the slightest doubt upon the truth of any of the facts set forth in this affidavit; no counter-affidavits have been filed in the justice's court or elsewhere; and no other evidence has anywhere been introduced tending to show that the facts set forth in this affidavit were not true; and there has been no order or finding of any court tending to cast the slightest doubt upon the truth of any of such facts. We think it must therefore be held that sufficient evidence was introduced in this case to show that the debt due from Lantry & Burr was necessary for the maintenance and support of Brown's family. If this had not been the case, the plaintiffs would undoubtedly have introduced evidence tending to show that it was not the case; but they have not

done so at any time or in any court. We therefore think the decision and judgment of the court below are correct, and they will be affirmed.

All the Justices concurring.