## D. W. LINDER v. JOHN MURDY.

GARNISHEE, *When not Estopped by Answer.*  In an action by A against B, C is garnished, and he answers the garnishment that he is indebted to B on certain conditions to be performed by B; and upon said answer C was ordered to pay into court the amount found due from B to A; C refused to comply with the order, and paid no part of the said sum so ordered: *Held,* That in an action by A against C on said answer and order in garnishment, C is not estopped by said proceedings from showing that the conditions under which the conditional indebtedness arose had not been complied with, and that he is by reason thereof not indebted to B.

*Error from Barton District Court.*

ACTION by *Murdy* against Linder, on his answer in a garnishment proceeding had in an action brought before a justice of the peace by *Murdy* against James A. and S. S. Shields.  Judgment for plaintiff on said answer; the defendant appealed to the district court.  Trial before E. C. C., judge *pro tem.* presiding, and a jury, at the adjourned June Term, 1885; verdict and judgment for plaintiff, for $187.77. The defendant brings the case here.  The opinion states the facts.

*Diffenbacher & Banta,* for plaintiff in error.

*Clayton & Clayton* and *L. R. Nimocks,* for defendant in error.

Opinion by CLOGSTON, C.: The defendant in error brought an action in a justice's court, in Barton county, against Shields & Shields, and caused the plaintiff in error to be garnished. On January 3, 1883, the plaintiff in error answered as follows:

"*Ques.:* At the time you were served with the notice of garnishment, in the above-entitled action, had you then, or had you since that time, or have you now in your possession or under your control, any property, moneys or credits of the above-named defendants?

"*Ans.:* I am indebted to James A. Shields in about the sum

of two hundred dollars, on conditions attached hereto: The conditions upon which I owe James A. Shields two hundred dollars are as follows: About the 23d day of December, 1882, I bought of James A. Shields the N.W. ¼ of sec. 34, tp.17, range 14 west, for $1,000. There is a mortgage of $700, and other claims against it. I was to assume the mortgage of $700, and was to advance to him the money to pay the taxes and other claims against the farm, and was to pay him $50 in money, besides clearing the place up. James A. Shields and wife have made a deed to me for the land, and I have accepted the deed as all right. Then the deed was left in the hands of S. S. Shields till I should give him my note for balance found due, and $50 in cash I was to pay James A. Shields. The $50 in cash was to be part of $300, and I was to give my note for balance of the $300, after paying the place clear and paying $50 in cash. I am now, and have been ready to perform my contract fully, and would have done so before garnishment in these cases, and but for small-pox. S. S. Shields and I agreed to wait a few days. This is my answer in case of John Murdy v. James A. Shields, and the case of John Murdy v. James A. Shields and S. S. Shields.

D. W. LINDER."

Upon said answer, the justice of the peace made the following order:

"D. W. LINDER, *Garnishee:* You are ordered forthwith to pay the undersigned, A. J. Buckland, justice of the peace of said township, in said county, the sum of fifty dollars, being the amount due by you to said defendant James A. Shields, as disclosed by your answer in garnishment filed in the above-entitled action; and hereof fail not, at your .peril.

"Given under my hand, this 9th day of January, 1883.

A. J. BUCKLAND, *Justice of the Peace.*"

Afterward, defendant in error duly obtained a judgment against said Shields and Shields for the sum of $——, the plaintiff in error refused to comply with the order of the justice, and paid no part of the said sum of $50 so ordered to be paid. This action was brought by the defendant in error to recover from the plaintiff in error the amount of said judgment so recovered by him against Shields and Shields. At the trial in the district court, the plaintiff in error insisted that the conditions under which he became indebted

as he alleged in his answer, had not been completed or complied with between himself and Shields, and that he was not liable on his answer. The defendant was called as a witness on his own behalf, and the following questions were asked him, to all of which questions the plaintiff objected, and the objection was sustained by the court; which ruling plaintiff in error duly excepted to, and now insists that in said ruling the court erred:

"You may state whether or not, on the 27th day of December, 1882, James A. Shields, by himself or his agent, executed or tendered a deed for the northeast quarter of 34–14–7.

"If you were indebted to James A. Shields, or either of them, at the time you were served or answered in garnishment, in any manner whatsoever, you may state what that was.

"You may tell the jury when you say in your answer that you are indebted to James A. Shields in the sum of $200 in the conditions of some deed, what deed you have reference to.

"I will ask you, Mr. Linder, to tell the jury whether or not the indebtedness, if any existed, or did exist, from you to James A. Shields prior to the service of this garnishment on you.

"You may tell the jury whether or not, at the time you were served with this process of garnishment, you had examined the records of the land between you, and whether you had completed the contract at that time.

"You may tell the jury whether or not this contract between you and Mr. Shields was a written or oral contract.

"At the time you were served with notice of garnishment in the above-entitled action had you then, or had you since that time, or have you now in your control or in your possession, any money or credits of the above-named defendants?"

The plaintiff's bill of particulars in this action shows substantially the following: First, the action between plaintiff and Shields; the affidavit and summons in garnishment; the answer of said garnishee, and upon said answer the order of the justice, directing him to pay into court the amount the justice found due; second, the refusal of the defendant to comply with the order; the nature and character of the

indebtedness between the defendant and Shields and Shields, and the prayer for judgment. This made an issue upon the entire garnishment proceedings, and to maintain the issue on the part of the plaintiff it would only be necessary for him to show such answer and order; but the defendant would not be concluded from showing that the answer was made under a misapprehension of the facts, or that the answer had not been correctly made; but he might show in addition thereto whether he was indebted to Shields, and if so, when that indebtedness was due; and whether conditional or absolute, and the entire transaction between himself and Shields. In fact, it might be as full in this inquiry as it might have been in his former answer. The plaintiff by his proceedings in garnishment could obtain no greater right to compel payment by defendant than Shields had. It was simply an assignment of whatever was due by the defendant to Shields. The plaintiff stood in the place of Shields, and could enforce payment only as Shields might do. (*Phelps v. A. T. & S. F. Rld. Co.*, 28 Kas. 165; *Board of Education v. Scoville*, 13 id. 32.)

The evidence excluded by the court on the part of the defendant was competent, and its exclusion was error. The defendant was attempting to show the transaction between himself and Shields, and it seems that whatever indebtedness there was grew out of a purchase by the defendant of the tract of land from Shields, and upon the completion of that transaction he would be indebted to Shields at least in the sum of $50; and the defendant's evidence excluded tended to show that this transaction had never been completed. The deed to the premises had never been tendered to or received by the defendant. Now before Shields could have maintained an action on his supposed indebtedness, he would have had to show a completed transaction, and that the deed had been delivered and a perfect title conveyed, subject to whatever liens there were, and showing the balance due, or the tender of a deed showing title. If this right was transferred to the

plaintiff, then before he could recover he would have to show the same facts.

Plaintiff's theory (which seems to have been adopted by the court) was, that the answer of the defendant in garnishment was conclusive, and that he was estopped from denying or contesting it. Viewed even from this standpoint, we think the court was in error, for the answer made by the defendant shows on its face an uncompleted or conditional indebtedness, depending upon the delivery to him of a deed, the cancellation of certain indebtedness, the payment of certain taxes, and the amount of indebtedness to be ascertained from these payments; and before the plaintiff could recover upon that answer alone, he would have to show that these conditions had been performed; for as long as there was anything more for Shields to do before this payment, that performance would have to be done or shown, or a tender made, before payment could be demanded. Defendant was entitled to receive a title to the land, and before he could be compelled to pay Shields or the plaintiff the conveyance of the land must be completed.

It is therefore recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.