*OHIO AUXILIARY FIRE ALARM CO. v. WILLIAM HEISLEY, TRUSTEE.

1. GARNISHEE BOUND FROM TIME HE IS SERVED WITH WRIT.

The service of a writ of garnishment upon a party claimed to be indebted to the defendant, binds in his hands the property he may have belonging to the defendant at the time he is served with the writ, and any money that may be due and payable from him to the defendant at the time he is served with the writ.

2. NOT BOUND FOR SUBSEQUENT INDEBTEDNESS

Any indebtedness arising from the garnishee to the defendant between the day the writ is served on him, and the time he answers, cannot be reached under the writ.

Error to the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

William Heisley, trustee, sued one Williams, and garnisheed the Ohio Auxiliary Fire Alarm Co. Thereafter such proceedings were had in that case that this action was brought to recover a sum of money it is claimed the garnishee owed Williams at all times while that action was pending. The Ohio Auxiliary Fire Alarm Co. answered that it did not owe Williams anything at the time the writ of garnishment was served on it. That it owed him nothing on the answer day of the writ. The Fire Alarm Company did not answer the writ until some time after the day it was to answer, and the answer in this case does not disclose whether it was indebted to Williams on the day it answered the writ or not. A demurrer was filed to the answer, and sustained, and the defendant below not desiring to answer further, judgment was rendered against it, and it complains here of the action of the court in sustaining the demurrer to its answer.

This, then, is the question: "Does the writ of garnishment bind only what the garnishee may owe the defendant at the time the writ is served on him, or does it reach any new debt arising after the service of the writ, or even after the day to answer the writ, if only it arises before the garnishee does answer? The answer to this question depends upon the construction to be given sections 6503, 6500, and other sections of our statutes regulating attachments. If these sections cover an indebtedness existing at the time the answer of the garnishee was made, but which did not exist until after the day appointed to answer them, the sustaining of the demurrer was correct, otherwise it is not correct. The supreme court in the 15th Ohio St., 464, says:

"We do not say, or suppose, that a salary which is not yet earned, or for the payment of which the proper period has not yet arrived, can be so garnisheed or attached. It must be a subsisting claim due or to become due, and for the ultimate payment of which the obligation to pay is fixed without reference to future services or considerations. But we cannot entertain any doubt that a salary already due, and suffered to remain in the hands of a municipal corporation, liable to be recovered by suit of the officer himself, is liable also, under the provisions of the act, to be subject, like other claims, to the payment of creditors."

The process of garnishment then, it seems, puts the creditor in the place of the debtor only so far as it may relate to claims that are due the debtor. Due him in the sense that he could have sued on the claim himself; or time only was necessary to mature it so he could sue upon it.

Martin v. Gayle, 2 Disney, 86, is a case where wages were garnisheed; part of the week's wages was earned, and a part remained to be earned, and all was due and payable at the end of the week, which was after the service of the writ, but before answer day. The learned judge in his opinion says:

"It is the provision of section 217 (6503) that if the garnishee appear and answer, and it is discovered on his examination that at, or after the service of the order of attachment and notice upon him, he was possessed of any property of the defendant, or was indebted to him, the court may order the delivery of such property, and the payment of the amount owing by the garnishee into the court."

*This decision is cited as authority in Sampsell v. Sampsell, 9 Circ. Dec., 510.

But this provision is not intended to extend the operation or effect of section 194 (5524) of the code, which regulates what property may be attached; and section 205 (5538), which prescribes how far a garnishee shall stand liable to the plaintiff.　By the latter section the garnishee is to stand liable for all property, moneys and credits in his hands or due from him to the defendant, from the time he is served with the written notice to answer in the attachment proceeding.

The words "or after," in section 6503, in the light of the other sections, the court intimate, may have their intended significance by supposing that they were intended to embrace the case of debts not payable until after service of the notice.

The code of Kansas is in this particular a copy of the code of Ohio.　In the 28 Kan., 165, the court hold:

"Garnishee proceedings reach only to those debts which, whether due or not, are owing by the garnishee to the debtor at the time of service of the garnishee process; and where, after the service of such process, new and independent contracts are entered into between the garnishee and the debtor, out of which arise liabilities from the former to the latter, such liabilities, although fixed before answer day, are not within the scope of, or affected by the prior garnishee process."

Other states having codes similar to some extent have favored similar constructions.　2 Minn., 310; 9 Hump., 186; 14 Cent. Law Journal, 278.

In the case before us the indebtedness, if any, existed when the garnishee answered; it arose under the contract under which the defendant was working at the time the garnishee was served with the writ.　The case differs in this respect from the case in the 28th Kansas.　But we fail to see any difference in principle. It seems to us that the construction given to these sections of the code in the cases referred to is reasonable and the proper one.　If this is not so, then the garnishee can be called in at any time before judgment, if not sooner discharged, and be required to answer as to money coming into his hands or earned by the debtor a year or more after the service of the writ, if the judgment is so long delayed.　This could hardly have been the intention of the legislature, as it would work a great hardship upon the debtor, if poor, to work an indefinite length of time without pay.　He would not do it, but would abandon his contract to labor, and seek another employer, and this would visit in many cases a wrong and hardship upon the garnishee or employer.

The answer clearly sets out that nothing was due at the time the writ was served, and that nothing was due on the day the garnishee was to answer, but is silent as to whether anything was due at the time the garnishee did actually answer.　The court below held this was not an answer to the petition which avers the garnishee was indebted to Williams at the time he actually did answer the writ and hence sustained the demurrer to the answer.　In this the court erred.

The judgment below is reversed, and the cause is remanded for further proceedings.