No. 20,879.

P. C. LAMB, *Appellant,* v. J. C. TAYLOR, *Appellee.*

SYLLABUS BY THE COURT.

1. GARNISHMENT — *Independent Action Against Garnishee — Pleadings.* Where a justice of the peace orders a garnishee to pay money into court, an action brought by the plaintiff to enforce the payment is an independent proceeding in which the issues are defined by the pleadings therein filed.

2. SAME—*Liability of Garnishee Not Shown.* In such an action it is held that there was no substantial evidence of liability on the part of the garnishee, and that a demurrer to the plaintiff's evidence was therefore properly sustained.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 10, 1917. Affirmed.

*N. A. Yeager,* and *R. A. Cox,* both of Augusta, for the appellant.

*A. L. L. Hamilton,* and *B. R. Leydig,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

MASON, J.: P. C. Lamb sued N. A. McKitrick before a justice of the peace upon a debt of about $100, and caused garnishment process to be served on J. C. Taylor. Taylor answered as garnishee, denying any liability to McKitrick. Lamb gave notice that he was dissatisfied with the answer, and a trial of the issue so presented resulted in a finding that Taylor owed McKitrick $150. Judgment was rendered against McKitrick, and Taylor was ordered to pay into court a sum sufficient to meet it. Payment was not made, and Lamb sued Taylor for the amount. Upon a trial of that action in the district court a demurrer to the plaintiff's evidence was sustained and judgment was rendered in favor of Taylor, from which Lamb appeals.

These facts were established: Taylor had about 1400 head of cattle which he desired to sell, and agreed with McKitrick, who was a cattle broker, to pay him a commission of twenty-five cents a head for his services in finding a buyer, upon cer-

tain conditions, to which reference will be made later. McKit-
rick produced a buyer who entered into a written contract with
Taylor for the purchase of the cattle, giving his check for
$6300 in part payment. Taylor sent a telegram inquiring
whether the check was good and received an answer that it
was.

He gave McKitrick two checks, one before the garnish-
ment, for $150, and the other after the garnishment, for $148,
the latter being made payable some days later than its date.
The $6300 check was not paid, and Taylor brought an action
against its maker for breach of the contract to buy the cattle.
If the arrangement between Taylor and McKitrick was the
ordinary brokerage contract, under which the agent's com-
mission is earned as soon as he produces a buyer with whom
the principal deals, Taylor became indebted to McKitrick when
he entered into the contract for the sale of cattle, and the in-
debtedness was not affected by the failure of the buyer to per-
form his part of the agreement. (*Hutton v. Stewart*, 90. Kan.
602, 135 Pac. 681.) But Taylor testified that he had a specific
understanding with McKitrick that the latter was to receive
nothing unless the cattle were actually paid for. If that was
the agreement it is clear that no commission was earned. The
appellee contends that there was no evidence whatever to con-
tradict Taylor's version of the agreement between himself and
McKitrick. The trial court obviously took that view, and sus-
tained the demurrer upon the theory that there was no doubt-
ful question of fact to be submitted to the jury. Whether this
view was correct is the principal matter to be determined.

1. The plaintiff, however, makes a preliminary contention
that judgment should have been rendered in his favor irre-
spective of the evidence. In his answer as garnishee Taylor
denied absolutely any liability, but the denial was followed by
this question and reply:

"Question. What is the nature of that indebtedness, and when is the
same due said defendant? Answer. Commission for selling cattle and
paid him his commission."

The finding of the justice of the peace that the garnishee
was indebted to McKitrick did not amount to an adjudication.
(*Fitch v. Fire Insurance Co.*, 23 Kan. 366.) But the plaintiff
argues, upon the authority of the case just cited, that the an-

swer of the garnishee in the original proceedings constitutes the defendant's pleading in the present action, and binds him (by virtue of the language above quoted) to an admission that a commission had been earned, leaving open to inquiry only the question whether it had been paid. In the case referred to (p. 368) it is said that in the trial of the truth of a garnishee's answer before a justice of the peace no pleadings are required, their place being taken by the affidavit for garnishment, the answer of the garnishee, and the notice that the answer is unsatisfactory. But where a separate action is brought to enforce an order against the garnishee made by the justice of the peace, the proceeding is an independent one, governed by the ordinary rules of pleading, and the defendant is no more concluded by the documents filed in the justice court than by the order there made against him.

2. Upon a consideration of the entire record this court concurs in the view of the trial judge that there was no substantial evidence of any contract on the part of Taylor to pay McKitrick a commission, except upon the actual sale of the cattle and the receipt of the price. McKitrick's testimony practically corroborated that of Taylor. His language was that Taylor agreed to pay him twenty-five cents a head if he sold the cattle. He said that Taylor did not want to pay him anything until the first shipment was made, but finally gave him the check for $150 and requested him not to present it for a day or two— "until he knew for sure or had a telegram from this check [referring to the one for $6300] that it would sure go through." The giving of the checks to the agent did not necessarily indicate that the commission had been fully earned, but merely that Taylor had so much confidence in the deal being consummated that he was willing to take that step. The plaintiff testified that the day before the garnishment action was begun Taylor told him that if the $6300 check was good the cattle trade was made, in which case he would owe McKitrick another $150, having already given him a check for that amount. This testimony likewise was entirely consistent with the understanding that if there was no sale no commission had been earned.

The judgment is affirmed.