No. 22,548.

W. J. MADDEN, *Appellant*, v. ALEXANDER A. PFEIFER, *Appellee*.

SYLLABUS BY THE COURT.

1. GARNISHMENT — *In Justice Court — Independent Action Against Garnishee—Pleadings.* Where a separate action is brought under the justice code (Gen. Stat. 1915, § 7738) "to enforce an order against the garnishee made by the justice of the peace, the proceeding is an independent one, governed by the ordinary rules of pleading, and the defendant is no more concluded by the documents filed in the justice court than by the order there made against him." (*Lamb v. Taylor*, 101 Kan. 642, 644, 168 Pac. 673.)

2. SAME—*Independent Action Against Garnishee—Necessary Allegations of Petition.* In such an action it is necessary for plaintiff to allege that defendant was indebted to the defendant in the original action, or had money, property or effects in his possession or under his control at the time the garnishee summons was served upon him, as he can recover only "what shall appear to be owing by" the garnishee to the original defendant when the garnishee summons was served.

3. SAME—*Independent Action Against Garnishee—Petition Subject to Demurrer.* In such an action, where it is plain from the bill of particulars that the plaintiff proceeds upon the theory that he can recover by merely showing that defendant was properly brought into court as garnishee and examined under oath; that the justice made a finding that he was indebted to the defendant and ordered him to pay the money into court, which he refused to do, the pleading is subject to demurrer.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed March 6, 1920. Affirmed.

*A. D. Gilkeson,* of Hays, for the appellant.

*J. P. Shutts,* and *H. L. Pestana,* both of Hays, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This case originated in the justice court and was appealed to the district court, where a demurrer to the plaintiff's bill of particulars was sustained, and he brings the case here for review.

The bill of particulars alleged that the plaintiff commenced an action in the justice court against Adam A. Pfeifer and Anton A. Pfeifer upon certain promissory notes and recovered a judgment against them for $122.57; that in that action he caused a summons in garnishment to be issued against the defendant as shown by a copy attached to the bill of particulars; that it was duly served on defendant who, in obedience thereto, appeared in court and filed his answer under oath; and that upon his examination the court found that he was indebted to Adam A. Pfeifer and had money in his hands and under his control and rendered judgment against him, a copy of which was set out in full. The judgment recites the appearance of the garnishee in person and by his attorney and his examination by the plaintiff, and the finding by the court that he was indebted to one of the defendants in the sum of $122.57; that he had assumed and promised to pay all of the indebtedness of Adam A. Pfeifer, as consideration for the purchase of certain lands, and particularly the indebtedness owing to the plaintiff. The judgment recites the order that he pay the money into court. The bill of particulars alleged that in pursuance of the judgment, an order was issued requiring him

to pay the money so found in his possession into court, and a copy of the order was attached to the bill of particulars. It was alleged that the defendant refused and still refuses to pay the amount into court and that the plaintiff's judgment remains unpaid. Judgment was asked against the defendant for the amount of the judgment.

The justice code (Gen. Stat. 1915, § 7738) provides that the plaintiff may proceed against the garnishee by an action for failure to appear and answer, make satisfactory disclosure, or comply with an order to deliver the property, etc., or give the undertaking provided in the preceding section. The language of the statute is that—

"The plaintiff may proceed against him in an action in his own name as in other cases; and thereupon such proceedings may be had as in other actions, and judgment may be rendered in favor of the plaintiff for the amount of the property and credits of every kind of the defendant in the possession of the garnishee, and for what shall appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee."

In *Lamb v. Taylor,* 101 Kan. 642, 168 Pac. 673, it was said in the opinion:

"But where a separate action is brought to enforce an order against the garnishee made by the justice of the peace, the proceeding is an independent one, governed by the ordinary rules of pleading, and the defendant is no more concluded by the documents filed in the justice court than by the order there made against him." (p. 644.)

The opinion cites the case of *Fitch v. Fire Insurance Co.,* 23 Kan. 366, to the effect that the garnishment proceedings do not constitute an adjudication. As we construe the statute, it means an independent action in every respect. It is an action as in other cases, and proceedings may be had as in other actions; "The proceeding is an independent one governed by the ordinary rules of pleading." (*Lamb v. Taylor,* supra.) Doubtless, it is good pleading to set up the facts showing that the plaintiff brings himself within the provisions of the statute (Gen. Stat. 1915, § 7738), but it is necessary for him to allege that the defendant was indebted to the defendant in the original action, or had money, property or effects in his possession or under his control at the time the garnishee summons was served upon him, because he can recover only "what shall appear to be owing by" the garnishee to the original defend-

Madden v. Pfeifer.

ant as of the time when the garnishee summons was served. The judgment he is entitled to in an action like the present is not controlled in any respect by the finding of the justice in the original action.

It is evident that the plaintiff proceeded upon the theory that he could recover by merely showing that defendant was properly brought into court as garnishee and examined under oath and that the justice made a finding that he was indebted to the defendant and ordered him to pay the money into court, which he refused to do, and that plaintiff's judgment remains unpaid. But the statute contemplates an action "as in other cases" and that "such proceedings may be had as in other actions." The only decision we have found in which a case like the present was even tentatively passed upon is *Linder v. Murdy,* 37 Kan. 152, 14 Pac. 447. That was a commissioner's opinion, in which it was said:

"The plaintiff's bill of particulars in this action shows substantially the following: First, the action between plaintiff and Shields; the affidavit and summons in garnishment; the answer of said garnishee, and upon said answer the order of the justice, directing him to pay into court the amount the justice found due; second, the refusal of the defendant to comply with the order; the nature and character of the indebtedness between the defendant and Shields and Shields, and the prayer for judgment. *This made an issue upon the entire garnishment proceedings, and to maintain the issue on the part of the plaintiff it would only be necessary for him to show such answer and order;* but the defendant would not be concluded from showing that the answer was made under a misapprehension of the facts, or that the answer had not been correctly made; but he might show in addition thereto whether he was indebted to Shields, and if so, when that indebtedness was due; and whether conditional or absolute, and the entire transaction between himself and Shields." (p. 154.)   (Italics ours.)

A judgment against the garnishee was reversed because of the exclusion of evidence showing that the transaction between himself and the original defendant was a conditional one and that he was not in fact indebted to him at the time the garnishee summons was served. The sufficiency of the bill of particulars was not questioned, and besides, it will be observed that it contained a statement of the nature and character of the indebtedness between the defendant garnishee and the original defendant. That part of the opinion we have italicized, to the effect that the averments made an issue upon the entire garnishment proceedings and that the plaintiff could

maintain the issue by merely showing the answer of the garnishee and the order of the court, was not directly involved in the decision and must be regarded as dictum.

In the case at bar it would have been better for the plaintiff to have accepted the offer of the trial court to permit him to amend the bill of particulars; but plaintiff declined the offer and elected to stand upon the pleading. In his brief, it is insisted that all of the essential facts necessary to be alleged in a petition in the district court, where the pleading would be subject to the strict rules of pleading, and more than is required in a bill of particulars in justice court, are stated. This presents squarely the question whether the pleading is sufficient. We think it is insufficient, and the judgment will be affirmed.

The judgment is affirmed.