No. 22,639.

THE PLAINVILLE MILL & ELEVATOR COMPANY, *Appellee*, v.
E. C. ADAMS, *Defendant* (WILL WEAVERLING, Garnishee,
*Appellant*).

SYLLABUS BY THE COURT.

GARNISHMENT—*Answer of Garnishee—Order of Justice of Peace—Not
a Final Order*. It is not error for a district court to dismiss an
appeal from a judgment rendered by a justice of the peace in a
garnishment proceeding, directing the garnishee to pay money into the
justice's court on a finding that the garnishee is indebted to the de-
fendant in the action.

Appeal from Rooks district court; CHARLES I. SPARKS,
judge. Opinion filed April 10, 1920. Affirmed.

*F. E. Young*, of Stockton, for the appellant.

*W. B. Ham*, of Stockton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action before
a justice of the peace against E. C. Adams to recover $193.08,
and garnisheed Will Weaverling, who answered that he had
no funds or property belonging to the defendant. The plain-
tiff gave notice, under section 44 of the justice's civil code
(Gen. Stat. 1915, § 7739), that the answer was unsatisfactory,
and demanded a trial of the truth of the answer. The trial
was had before a jury, which returned a verdict to the effect
that the garnishee was indebted to the defendant in the sum
of $150.90. The justice of the peace ordered and adjudged
that the garnishee forthwith pay that amount into court to
apply on the judgment against E. C. Adams, and that the
garnishee pay the costs from the time of filing his answer, for
all of which it was ordered that execution issue against the
property of the garnishee. The defendant and the garnishee
appealed from the judgment against the garnishee to the dis-
trict court. That appeal was dismissed on the application of
the plaintiff. From the order dismissing the appeal to the
district court the garnishee, Will Weaverling, appeals to this
court. Was the order made by the justice of the peace against

the garnishee appealable? To answer this question requires an examination of the statute providing for appeals from judgments of justices of the peace, and of the statutes prescribing the procedure in garnishment proceedings before justices of the peace. Section 120 of the justice's civil code reads:

"In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered." (Gen. Stat. 1915, § 7823.)

It has been held that an order made by a justice of the peace directing a garnishee to pay money into court is not a final order. (*Board of Education v. Scoville*, 13 Kan. 17; *Fitch v. Fire Insurance Co.*, 23 Kan. 366; *Mull v. Jones*, 33 Kan. 112, 5 Pac. 388; *Mo. Pac. Rly. Co. v. Reid & Holladay*, 34 Kan. 410, 8 Pac. 846; *Lamb v. Taylor*, 101 Kan. 642, 168 Pac. 673; *Madden v. Pfeifer*, 106 Kan. 500.) In order for the plaintiff to recover a judgment against the garnishee, he must proceed under section 43 of the justice's civil code (Gen. Stat. 1915, § 7738). Until judgment has been rendered in such an action, the plaintiff has no judgment against the garnishee, and execution cannot be legally levied on the property of the garnishee to satisfy the order made by the justice of the peace in the garnishment proceeding. It follows that the order made by the justice of the peace on the trial of the truth of the answer made by the garnishee was not a final judgment from which an appeal could be taken. The appeal was, therefore, properly dismissed.

The judgment is affirmed.