No. 30,220.

A. E. KIRK and GLADYS M. KIRK, Partners, doing business as The HUTCHINSON MOTOR CAR COMPANY, *Appellants,* v. R. L. GROSSMAN et al., *Appellees.*

(8 P. 2d 351.)

Opinion filed March 5, 1932.

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellants.

*Paul R. Nagle,* of St. John, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action in justice court on a note. Judgment was for plaintiff. Garnishment proceedings were had at the same time. The garnishee answered that he had a certain amount of money in his possession, but that he did not know to whom it belonged. Plaintiff gave notice to the justice that the answer of the garnishee "was and is unsatisfactory." Defendant filed a motion asking that the garnishee be discharged because the money that the garnishee held belonged to parties other than defendant. One of the parties asked permission of the justice to interplead. He was given this permission and did interplead. A hearing was had before the justice on the objections of the plaintiff to the answer of the garnishee and the claims of the parties claiming the fund in the hands of the garnishee. At this hearing all of the parties claiming the money in the hands of the garnishee entered a general appearance. The justice heard the matter and made an order that the fund belonged to the parties who had interpleaded, and finding that none of it except a small sum, which was held to be exempt from garnishment, was owing from the garnishee to defendant, the justice ordered the garnishee to pay the amount in his hands into court. This was done. The plaintiff appealed to the district court from the order of the justice dividing the fund among the claimants.

The defendant moved to dismiss the appeal in district court on the ground that the order of the justice was not an appealable one. The appeal was dismissed. From that order this appeal is taken.

Appellee points out that appellant followed the provisions of R. S. 61-417 as far as giving notice that the answer of the garnishee was unsatisfactory. It is then argued that his only remedy was to proceed under R. S. 61-416 by filing a separate action against the garnishee. He invokes the rule laid down in *Mill & Elevator Co. v. Adams*, 106 Kan. 670, 189 Pac. 167. The trial court adopted that view and held that the order of the justice was not appealable, and dismissed the appeal.

Appellant urges that the rule invoked does not apply and that, since the parties had all interpleaded and made general appearance, the justice had jurisdiction to determine the rights of all parties, and that when this was done the order is a final one and appealable.

This argument is not good. We have concluded that the view expressed by this court in *Mill & Elevator Co. v. Adams*, supra, and followed by the trial court is sound and should be followed. The

justice in this case should not have ordered the garnishee to pay the money into court till he found that the garnishee was indebted to defendant. (R. S. 61-415.) The fact that the justice ordered this money paid into his hands without making this finding has perhaps confused counsel in this case. Under the terms of R. S. 61-416 the only recourse for plaintiff, if he is dissatisfied with the answer of the garnishee, is to start a separate action against him. This is what the plaintiff in the case at bar should have done.

The judgment of the trial court is affirmed.